| | Court Stamp Here |
|---|---|
| **RETURN OF SERVICE** | |

| Court | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT<br>IN AND FOR MIAMI-DADE COUNTY, FLORIDA | |
|---|---|---|
| Plaintiff | JOHN MARQUEZ | Case #<br>**2019-035226-CA-01** |
| Defendant | **GUY HEPNER, AN INDIVIDUAL** | Hearing Date |
| Person to be Served | **GUY HEPNER, AN INDIVIDUAL** | Came to Hand Date/Time<br>**12/09/2019      11:15 AM** |
| Manner of Service | **Personal** | Service Date/Time<br>**12/23/2019      4:14 PM** |
| Documents | **SUMMONS;COMPLAINT;EXHIBIT** | Service Fee<br>**$95.00** |

On **12/23/2019** at:
**520 W 27TH STREET SUITE 303, NEW YORK, NY 10001** I served **GUY HEPNER, AN INDIVIDUAL** by:

Personally delivering **1** copy(ies) of **SUMMONS, COMPLAINT and EXHIBIT** to **GUY HEPNER, AN INDIVIDUAL**, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Who accepted service, with identity confirmed by subject saying yes when named, a white male approx. 35-45 years of age, 5'8"-5'10" tall, weighing 160-180 lbs with brown hair.  gray door, white hallway**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Under penalty of perjury, I declare that I have read the forgoing document and that facts stated herein are true and accurate.

_____
Thomas G Russo

**1076023-DCA**
Process Server ID

12/23/2019
Date Executed

Ref **5087.1**



 FORS Attorneys at Law

Tracking # **0047575393**



| | |
|---|---|
| JOHN MARQUEZ, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | CIRCUIT CIVIL DIVISION |
| GUY HEPNER, individually; | CASE NO. _____ |
| Defendant. | |
| _____/ | |

## COMPLAINT

COMES NOW, the Plaintiff, JOHN MARQUEZ ("MARQUEZ"), and sues the Defendant, GUY HEPNER (hereinafter "HEPNER"), and alleges as follows:

## STATEMENT OF PARTIES, JURISDICTION, AND VENUE

1.      This is an action for damages that exceed the sum of $15,000.00, exclusive of interest and costs.

2.      Venue is proper in this county because it is where the contract subject of this action was entered into and where the events giving rise to this action occurred.

3.      All conditions precedent to bringing this action have occurred, been performed, or been excused.

4.      The Plaintiff has been forced to employ FORS | ATTORNEYS AT LAW to enforce his rights in this action and has agreed to pay them their reasonable attorney's fees and costs.

5.      Plaintiff, MARQUEZ, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

6.      Defendant, HEPNER, is a resident of New York State and is otherwise *sui juris*.

## FACTUAL ALLEGATIONS

7.      On or about January 2013, in Miami, Florida, MARQUEZ purchased a piece of artwork from HEPNER; specifically:  An original, 36 × 36" Andy Warhol screenprint on paper, titled *Marilyn Monroe II.29*, edition 34 of 250 (hereinafter the "Artwork").

8.      The purchase price of the Artwork was $102,000.00.

9.      On or about January 26, 2013, prior to acceptance of the Artwork in Miami, Florida, MARQUEZ asked HEPNER via electronic mail about the condition of the Artwork and whether it had been restored, cleaned, re-screened (hereinafter the "E-Mail").

10.      On the same day, HEPNER's agent, Jacquelin Napal, replied to MARQUEZ via electronic mail stating, "*[HEPNER] informed me that the piece has not been restored.*"

11.      Additionally, HEPNER delivered a condition report (hereinafter the "Condition Report") to MARQUEZ regarding the condition of the Artwork which contained the following statements:

    a.      "*The work is in excellent condition, signed, numbered and dated on verso as issued.*"

    b.      "*Fresh colours and no signs of attenuation.*"

    c.      "*The work has not been rescreened, retouched or repaired.*"

12.      Based on the aforementioned representations by HEPNER, MARQUEZ accepted delivery of the Artwork.

13.      On or about January 8, 2019, MARQUEZ decided to offer the Artwork for sale at auction by Sotheby's.

14.      Upon submitting the Artwork to Sotheby's for examination, Sotheby's informed MARQUEZ that, contrary to HEPNER's express representations, the Artwork had undergone

FORS | ATTORNEYS AT LAW
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 · PHONE: (305) 448-5977 · FAX: (305) 446-1898

extensive and extreme restoration, leaving little to no trace of the original colors or the artist's original surface.

15. Thereafter, MARQUEZ discovered that the condition of the Artwork, as sold to him by HEPNER, renders the Artwork valueless.

**COUNT I**
**(Negligent Misrepresentation)**

16. The Plaintiff, MARQUEZ, re-alleges paragraphs 1 through 15, above, as if set forth in full herein.

17. Defendant, HEPNER, made various statements about the condition of the Artwork in the January E-Mail and the Condition Report, which were material to the transaction.

18. The statements that HEPNER made in the January E-Mail and the Condition Report were false.

19. At the time of making the aforementioned statements, HEPNER, in the exercise of reasonable care under the circumstances, should have known that the statements were false, or HEPNER made the statement without knowledge of their truth or falsity.

20. HEPNER made the aforementioned statements with the intent of inducing MARQUEZ to act on them by accepting the Artwork.

21. MARQUEZ reasonably and justifiably relied on the aforementioned statements in accepting the Artwork.

22. As a direct and proximate cause of MARQUEZ's reliance on the aforementioned statements, MARQUEZ has been injured in that he paid $102,000.00 for a piece of art with no value.

WHEREFORE, Plaintiff, MARQUEZ, demands judgment against HEPNER for damages, costs, and interest, and any other relief this Court deems just and proper.

Page 3 of 5

## COUNT II
### (Fraudulent Concealment)

23.     The Plaintiff, MARQUEZ, re-alleges paragraphs 1 through 15, above, as if set forth in full herein.

24.     Defendant, HEPNER, made various statements about the condition of the Artwork in the January E-Mail and the Condition Report, which were material to the transaction.

25.     The statements that HEPNER made in the January E-Mail and the Condition Report were false.

26.     At the time of making the aforementioned statements, HEPNER knew the statements were false.

27.     HEPNER made the aforementioned statements with the intent of inducing MARQUEZ to act on them by accepting the Artwork.

28.     MARQUEZ reasonably and justifiably relied on the aforementioned statements in accepting the Artwork.

29.     As a direct and proximate cause of MARQUEZ's reliance on the aforementioned statements, MARQUEZ has been injured in that he paid $102,000.00 for a piece of art with no value.

WHEREFORE, Plaintiff, MARQUEZ, demands judgment against HEPNER for damages, costs, and interest, and any other relief this Court deems just and proper.

FORS | ATTORNEYS AT LAW
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 · PHONE: (305) 448-5977 · FAX: (305) 446-1898

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Dated:  December 3rd, 2019 .

**FORS | ATTORNEYS AT LAW**
*Attorneys for Plaintiff*
1108 Ponce de Leon Blvd.
Coral Gables, FL 33134
(305) 448-5977

***/s/ Jorge L. Fors, Jr., Esq.***
JORGE L. FORS, JR., ESQ.
Florida Bar No. 93575
*info@forslegal.com*
*jforsjr@forslegal.com*
JORGE L. FORS, ESQ.
Florida Bar No. 347647
