UNITED STATES DISTRICT COURTSOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.   1:20-cv-20240-UU

JOHN MARQUEZ, individually,

      Plaintiff,

v.

GUY HEPNER, individually,

      Defendants.

_____/

## DEFENDANT GUY HEPNER'S ANSWER, AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL

COMES NOW Defendant, GUY HEPNER ("Defendant"), by and through his undersigned counsel, and hereby ANSWERS the Complaint of JOHN MARQUEZ ("Plaintiff") stating as follows:

### STATEMENT OF PARTIES,  JURISDICTION AND VENUE

1.      As to Paragraph 1, Defendant admits only that the Complaint claims damages in excess of $15,000.00.

2.      As to Paragraph 2, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

3.      As to Paragraph 3, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

4.      As to Paragraph 4, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

5.      As to Paragraph 5, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

6.      As to Paragraph 6, Defendant denies the allegations contained therein to the extent that they state he is a resident of New York State.

## FACTUAL ALLEGATIONS

7.      As to Paragraph 7 Defendant denies the allegations to the extent that they contend that Plaintiff MARQUEZ "purchased a piece of artwork from HEPNER" in January of 2013 in Miami, Florida. Defendant admits the allegations with respect to the description of the ARTWORK only.

8.      As to Paragraph 8 Defendant admits the allegation contained therein.

9.      As to Paragraph 9 Defendant denies the allegations contained therein.

10.      As to Paragraph 10 Defendant denies that Jacquelin Napal was "HEPNER's agent" and denies that he made the statement attributed to him in this paragraph, but otherwise admits only that the statement contained therein was made by Ms. Napal in an electronic mail communication from her to Plaintiff MARQUEZ.

11.      As to Paragraph 11, Defendant denies the allegations contained therein that he prepared or delivered a "condition report" to Plaintiff MARQUEZ regarding the condition of the ARTWORK and Defendant otherwise does not have sufficient information to admit or deny the remainder of the allegations contained therein.

12.      As to Paragraph 12, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

13.      As to Paragraph 13, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

14.      As to Paragraph 14, Defendant lacks sufficient information upon which to admit or deny the allegations, and upon that basis denies same.

15.      As to Paragraph 15, Defendant denies the allegation that he "sold" the Artwork to Plaintiff Marquez and otherwise lacks sufficient information upon which to admit or deny the remainder of the allegations contained therein, and upon that basis denies same.

## COUNT I

### (Negligent Misrepresentation)

16.     As to Paragraph 16, Defendant re-alleges and incorporates herein by reference, as though set forth in full, their responses to paragraphs 1 through 15, inclusive, above.

17.     As to Paragraph 17, Defendant denies the allegations contained therein.

18.     As to Paragraph 18, Defendant denies the allegations contained therein.

19.     As to Paragraph 19, Defendant denies the allegations contained therein.

20.     As to Paragraph 20, Defendant denies the allegations contained therein.

21.     As to Paragraph 21, Defendant denies the allegations contained therein.

22.     As to Paragraph 22, Defendant denies the allegations contained therein.

## COUNT II

### (Fraudulent Concealment)

23.     As to Paragraph 23, Defendant re-alleges and incorporates herein by reference, as though set forth in full, their responses to paragraphs 1 through 15, inclusive, above.

.

24.     As to Paragraph 24, Defendant denies the allegations contained therein.

25.     As to Paragraph 25, Defendant denies the allegations contained therein.

26.     As to Paragraph 26, Defendant denies the allegations contained therein.

27.     As to Paragraph 27, Defendant denies the allegations contained therein.

28.     As to Paragraph 28, Defendant denies the allegations contained therein.

29.     As to Paragraph 29, Defendant denies the allegations contained therein.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in this action, either as prayed for in his Complaint or otherwise.

### AFFIRMATIVE DEFENSES

As separate affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

30.     The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

31.     Defendant alleges that the doctrine of unclean hands bars Plaintiff from enforcing any or all of the alleged rights, claims and obligations sought to be enforced by way of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

32.     Defendant alleges that Plaintiff has waived any and all rights to assert any claims against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

33.     The Complaint, and each cause of action and request for relief contained therein, is barred by the doctrine of laches in that Plaintiff has unreasonably delayed bringing suit against Defendant, to Defendant's prejudice.

## FIFTH AFFIRMATIVE DEFENSE

(Reduction Due to Comparative Fault of Plaintiff)

34.     At all times and places mentioned in the Complaint, and with respect to each and every cause of action, Plaintiff was careless, reckless, and negligent in and about the matters and things alleged in Plaintiff's Complaint, which said carelessness, recklessness and negligence concurred in point of time with the alleged other wrongful conduct of the Defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damage Plaintiff

may have sustained, if any, and recovery by the Plaintiff, if any, should be proportionally reduced according to the percentage of fault of the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

35.     Defendant alleges that Plaintiff, by his own failure to expeditiously act to mitigate his damages, if any, is barred and precluded from any recovery against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

36.     Defendant alleges that Plaintiff is estopped to assert that he has any claims against this answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Ratification)

37.     Answering Defendant alleges that Plaintiff's damages, if any, or at all, which answering Defendant denies exists, is barred as a result of Plaintiff's own knowledge, consent and/or ratification.

## NINTH AFFIRMATIVE DEFENSE

(Offset)

38.     Should it be found that this responding Defendant is in any manner legally responsible for any damages alleged or sustained, which it denies, then this responding Defendant is entitled to an offset.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

39.     The action commenced by Plaintiff is barred as to Defendant by the applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Breach)

40.     Defendant alleges that Plaintiff is precluded from recovering any damages under the Complaint due to Plaintiff's own breach.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Establish Elements)

41.     Plaintiff's claims are barred because he cannot establish all of the elements to each and every cause of action in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Constructive Knowledge)

42.      Plaintiff's claims are barred because Plaintiff had full and complete knowledge, actual or constructive, of all matters raised in the Complaint; said knowledge therefore acts as a complete waiver of the purported right or claim herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Suffered No Damages)

43.     Plaintiff's claims are barred because Plaintiff suffered no damages as a result of the allegations in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

44.      Each and every act, omission, or other conduct claimed to have been done or made by Defendant was a good faith assertion of Defendant's rights and obligations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equities)

45.     Defendant alleges that Plaintiff is barred from recovering the relief sought by the Complaint in that the equities do not preponderate in favor of Plaintiff, but rather preponderate in favor of this answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

(Third Party Fault)

46.     Defendant alleges that any injuries or damages sustained by Plaintiff as a result of that incident were proximately caused by the negligence of a third party. Plaintiff's recovery, if any, from this Defendant must be diminished in proportion to the amount of negligence attributable to that third party.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Further Defenses)

47.      Plaintiff hereby reserves the right to amend this answer with further affirmative defenses upon discovery of additional information.

Respectfully submitted,

By:/s/ *John P. Hess*
Florida Bar No. 31075
515 North Flagler, P300
West Palm Beach, Florida 33401
Telephone:  305-310-0904
jhess@johnphess.com
*Attorney for Defendant Guy Hepner*

Co-counsel:
David Mayes, Esq. (motion for admission *pro hac vice* soon to be filed)
GabrielSalomons, LLP
16311 Ventura Blvd, Ste 970
Encino, CA 91436-4303
Phone Number: (818) 906-3700
Fax Number: (818) 906-2142

Email: david@gabrielsalomons.com

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on January 27, 2020, we electronically filed the foregoing document with the Court using CM/ECF.  We also certify that a true and correct copy of the foregoing document is being served on jfors@forslegal.com via transmission by Notice of Electronic Filing generated by CM/ECF this 27th day of January, 2020.